*Shirley P. Cunningham v. The Kroger Co.; and John Does*
*State Court of DeKalb County, State of Georgia*
*Civil Action File Number: 21A03916*

*Shirley P. Cunningham v. The Kroger Co.; and John Does*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA*

# EXHIBIT A:
# PLAINTIFF SHIRLEY P. CUNNINGHAM'S COMPLAINT FOR DAMAGES

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| SHIRLEY P. CUNNINGHAM | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : CIVIL ACTION FILE<br>: NO. 21A03916 |
| THE KROGER CO. and<br>JOHN DOES 1 - 3 | :<br>:<br>: |
| Defendants. | :<br>: |

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Shirley P. Cunningham (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendants The Kroger Co. and John Does 1 - 3, respectfully showing the following:

### DEFENDANTS

### THE KROGER CO.

1.

Defendant The Kroger Co. (hereinafter "Defendant Kroger") is a foreign profit corporation conducting business in the State of Georgia and is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 14-2-510(b)(3) as this cause of action arose in DeKalb County, Georgia, where it has a store and/or an office and transacts business.

STATE COURT OF
DEKALB COUNTY, GA.
8/23/2021 12:39 PM
E-FILED
BY: Siana Smith

2.

Defendant Kroger does business in Atlanta, Georgia, operating retail store #488, located at 1160 Moreland Avenue SE, Atlanta, DeKalb County, Georgia 30316 (hereinafter "the subject 'store' or 'location'").

3.

Defendant Kroger can be served through its Registered Agent for Service, CSC of Cobb County, Inc., 192 Anderson Street S.E., Suite 125, Marietta, GA, 30060. Defendant Kroger is subject to the jurisdiction and venue of this Court.

### JOHN DOES 1 - 3

4.

At all times referred to herein, Defendants John Does 1 - 3 were employees or agents of Defendant Kroger and were acting within the course and scope of their employment at the Kroger location that is the subject of this litigation. Once served with process, Defendants John Does 1 – 3 will be subject to the jurisdiction and venue of this Court.

### FACTUAL BACKGROUND

5.

On October 11, 2019, Plaintiff entered the Kroger store as an invitee to purchase grocery items.

6.

Plaintiff was approaching the checkout line when she was caused to slip and fall on a misplaced and worn-out rug that was left in the aisle at the checkout area.

7.

Plaintiff, at all times, was exercising due care for her own safety.

8.

At the time when Plaintiff was approaching the checkout line, there were no signs in the area warning customers of any potential hazards.

## COUNT 1
## NEGLIGENCE

9.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 8 above as if fully set forth herein.

10.

Defendant Kroger knew, or through the exercise of reasonable care, should have known that the misplaced and worn-out rug was left in the aisle at the checkout area and posed a hazard to customers.

11.

Defendant Kroger breached its duty to exercise reasonable care to keep the premises safe for its customers in one or more of the following ways:

a. Failing to inspect and maintain checkout areas to prevent unreasonable risk of harm and foreseeable injuries to customers;

b. Failing to clear the checkout areas of hazardous conditions by properly securing all rugs and similar items so they would not pose a hazard to customers; and

c.   Failing to warn customers, including Plaintiff, of hazards such as hazardous rugs left in the checkout area.

12.

As a result of the negligence of one or more Defendants, Plaintiff suffered severe injuries from her fall.

## COUNT 2
## ACTIVE NEGLIGENCE

13.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 above as if fully set forth herein.

14.

Defendant Kroger allowed the placement of the subject rug in the checkout area in a way that allowed it to pose a tripping hazard and thus creating a negligent condition that caused Plaintiff's fall and subsequent injuries.

15.

As a result of the negligence of Defendant Kroger, Plaintiff was caused to fall and suffered severe injuries.

## COUNT 3
## NEGLIGENCE *PER SE*

16.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 15 above as if fully set forth herein.

17.

Plaintiff's slip and fall on the rug at the checkout aisle occurred as a result of and was proximately caused by Defendant Kroger's failure to comply with the laws of the State of Georgia, Federal laws, and regulations and other applicable safety mandates, constituting negligence *per se*.

18

As a result of the negligence of Defendant Kroger, Plaintiff was caused to fall and suffered severe injuries.

## COUNT 5
## VICARIOUS LIABILITY

19.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 above as if fully set forth herein.

20.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the checkout area where Plaintiff slipped and fell on the rug were agents of or employed by Defendant Kroger and were acting within the course and scope of their employment or agency.

21.

Defendant Kroger is vicariously liable for the conduct of these individuals under the doctrine of respondeat superior, agency or apparent agency.

## COUNT 6
## CAUSATION AND DAMAGES

22.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 above as if fully set forth herein.

23.

Due to the slip and fall, Plaintiff has suffered injuries including, but not limited to, head trauma with concussion; memory loss; vestibular disturbance; laceration above her right eye; post-traumatic migraines; and traumatic injuries to her left knee and right elbow.

24.

Plaintiff has required medical treatment for injuries that she sustained and has incurred medical expenses for the treatment of her injuries.

25.

Plaintiff's injuries were traumatic and painful and have significantly affected her activities of daily living.

26.

Plaintiff's injuries, medical expenses, and pain and suffering were directly and proximately caused by Defendants' negligence.

27.

As a direct and proximate result of Defendants' negligence, Plaintiff has suffered special damages not less than as follows:

| | |
|---|---:|
| American Medical Response | $1,872.50 |
| Wellstar Atlanta Medical Center | $45,069.00 |
| South Fulton Emergency Physicians | $1,573.00 |
| Quantum Radiology | $625.00 |
| Sparlin Health Care | $5,675.00 |
| Allegiance Imaging & Radiology | $1,800.00 |
| Dominion Orthopaedic | $1,341.91 |
| Grady Health System | $2,975.00 |
| Independent Neurodiagnostic Clinic | $934.49 |
| Ortho Sport & Spine Physicians | $649.00 |
| Hope Neurological & Medical Services | $1,900.00 |
| MedTrans Go | 375.00 |
| **Total Special Damages Presently** | **$64,789.90** |

28.

Defendants are liable to the Plaintiff for the injuries, medical expenses and pain and suffering that she sustained as a result of their negligence, individually and as joint tortfeasors.

**PRAYER FOR RELIEF**

WHEREFORE, having stated her Complaint for Damages, the Plaintiff prays as follows:

a. That process issue and the Defendants be served as provided by law;

b. That judgment be granted in favor of the Plaintiff, and against Defendant in an amount to be determined by the enlightened conscience of a fair and impartial jury, including but not limited to, medical and related expenses and pain and suffering, both mental and physical, past and future;

c. That Plaintiff have a trial by jury; and

d. That Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Thomas J. Ashenden*

---

Thomas J. Ashenden
Georgia Bar Number 034607
Gary Powell
Georgia Bar Number 585941
Attorneys for Plaintiff

Ashenden & Associates, P.C.
6111 Peachtree Dunwoody Road
Building D, Suite 100
Atlanta, Georgia 30328
(770) 394-8909
tom@ashendenlaw.com
gary@ashendenlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
8/23/2021 12:39 PM
E-FILED
BY: Siana Smith